25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph W. PERRY, Petitioner-Appellant,
v.
UNITED STATES of America and David R. McKune, Respondents-Appellees.
 No. 94-3049.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant the right to appeal in forma pauperis in order to reach the merits of the case.
 
 
 2
 Petitioner Joseph W. Perry, an inmate at the Lansing (Kansas) Correctional Facility (Lansing), appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. 2241. Petitioner alleged a violation of the Interstate Agreement on Detainers (IAD) and of his federal constitutional right to a speedy trial.
 
 
 3
 Petitioner was transported from Lansing to the State of Illinois for a federal probation violation hearing. The probation violation charge was resolved, but the United States Attorney who had requested petitioner's removal to Illinois then charged him with a violation of 18 U.S.C. 751(a) (escape). Petitioner's motion to dismiss that charge for lack of notice and circumvention of his right to speedy trial was denied, and petitioner was returned to Kansas before the escape charge was resolved. Ten months later, pursuant to a federal writ of habeas corpus ad prosequendum, petitioner was removed to Illinois where he pleaded guilty to the escape charge.
 
 
 4
 Petitioner asserted in his habeas petition that the indictment should have been dismissed because his return to Illinois to face the probation violation charge violated the IAD. The IAD was designed to encourage the expeditious disposition of charges outstanding against a prisoner, both by allowing a prisoner against whom a detainer has been filed to demand timely disposition of charges supporting the detainer and to provide means for a prosecutor who lodges a detainer against a prisoner in another state to obtain his presence to answer the charges. See United States v. Mauro, 436 U.S. 340, 351 (1978). Petitioner argues that under the IAD the federal prosecutor was required both to lodge and notify petitioner of the detainer. Petitioner alleged that the prosecutor's failure to lodge the detainer prevented him from invoking his statutory right to request a disposition within 180 days, and also violated his constitutional right to a speedy trial.
 
 
 5
 The district court denied relief, relying on the Supreme Court holding in Carchman v. Nash, 473 U.S. 716, 724-26 (1985), that the IAD does not apply to probation proceedings. The district court stated that "[p]etitioner's claim that he was returned to the State of Illinois for a probation violation, is admission that the IAD would not apply." R. doc. 16. Petitioner argues, however, that the federal prosecutor used the probation proceeding as a "ruse" to return him to Illinois for arraignment on the escape indictment. Petitioner asserts the government had a contractual duty under the IAD to file a detainer so that petitioner could request the 180-day disposition provided by the IAD.
 
 
 6
 Even if petitioner's initial removal to Illinois on the probation violation charge was a "ruse," the argument fails because he was removed from Kansas under a federal writ of habeas corpus ad prosequendum. The federal government filed no detainer, and thus the provisions of the IAD were not applicable. United States v. Mauro, 436 U.S. at 361 ("When the United States obtains state prisoners by means of a writ of habeas corpus ad prosequendum, the problems that the Agreement seeks to eliminate do not arise; accordingly, the Government is in no sense circumventing the Agreement by means of the writ.... Because ... the Government never filed a detainer ... the Agreement never became applicable and the United States was never bound by its provisions.").
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470